Kindred Healthcare, Inc. v SAI Global Compliance, Inc. (2019 NY Slip Op 01164)





Kindred Healthcare, Inc. v SAI Global Compliance, Inc.


2019 NY Slip Op 01164


Decided on February 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2019

Friedman, J.P., Sweeny, Webber, Kahn, Kern, JJ.


8423N 653225/16

[*1] Kindred Healthcare, Inc., Plaintiff-Respondent,
v
SAI Global Compliance, Inc., Defendant-Appellant.


Barton LLP, New York (Randall L. Rasey of counsel), for appellant.
Schlam Stone & Dolan LLP, New York (Seth D. Allen of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered June 21, 2018, which denied defendant SAI Global Compliance, Inc.'s letter motion to compel production by plaintiff Kindred Healthcare, Inc. of a memorandum, based on the common interest doctrine, and granted permission to appeal pursuant to CPLR 5701(c), unanimously affirmed, without costs.
The motion court properly held that a legal memorandum prepared by plaintiff's General Counsel, and addressed to its Chief Executive Officer, which provided a summary and analysis of its pending litigation matters, including the litigation at issue, and subsequently shared with potential merger partners during the due diligence period pursuant to a common interest agreement, was privileged and protected from disclosure.
The common interest privilege is an exception to the traditional rule that the presence of a third-party at a communication between counsel and client is sufficient to deprive the communication of confidentiality. The common interest doctrine is a limited exception to waiver of the attorney-client privilege, and requires that: (1) the underlying material qualify for protection under the attorney-client privilege, (2) the parties to the disclosure have a common legal interest, and (3) the material must pertain to pending or reasonably anticipated litigation for it to be protected. The record, here, demonstrates that the common interest agreement was entered into in reasonable anticipation of litigation (see Ambac Assur. Corp. v Countrywide Home Loans, Inc., 27 NY3d 616 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 14, 2019
CLERK